UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES BIFFER : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:04-CV-1069(JCH) |
| : | |
| CAPITAL ONE SERVICES, INC., : | |
|     Defendant and Third Party Plaintiff, : | |
| : | |
| v. : | |
| DIANNE CONTE : | |
|     Third-Party Defendant. : | FEBRUARY 15, 2006 |

**RULING RE: DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [DKT. NO. 48]**

The plaintiff, James Biffer, initiated this suit against the defendant, Capital One Services, Inc. ("Capital One"), asserting claims for negligence and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq, arising out of Capital One's efforts in collecting a credit card debt allegedly incurred by Biffer. This action was originally filed in Hartford Superior Court and properly removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Capital One now moves for summary judgment on all of Biffer's claims, arguing, inter alia, that no genuine issue of material fact exists with regards to Biffer's inability to prove the causation elements of his claim. For the following reasons, Capital One's motion is GRANTED in part and DENIED in part. Capital One moves separately to strike Biffer's opposition to summary judgment to the extent it relies on inadmissible hearsay evidence. [Dkt. No. 66]. Capital One's motion to strike is GRANTED.

## I.  FACTUAL BACKGROUND[1]

Biffer is a resident of Bloomfield, Connecticut. Capital One is a corporation incorporated and headquartered in Virginia. In 2001, an account for a Capital One Platinum Mastercard was opened in Biffer's name. According to Biffer, the application for the account was submitted by someone else in his name, and it contained inaccurate information, such as an incorrect address, incorrect telephone number, and a forged signature. Pl's Rule 56(a)(2) Statement, Disputed Issues of Material Fact, ¶ 6 [Dkt. No. 65]. According to Capital One, the information supplied on the application was verified before the account was approved. Def's Rule 56(a)(1) Statement, ¶ 3 [Dkt. No. 50].

Between February 2001 and April 2002, charges in the amount of $17,254.15 were posted to the account. Between April 2001 and March 2002, Dianne Conte, a former acquaintance and coworker of Biffer, whom Biffer had previously suspected of stealing from him, made payments in the amount of $3,637.00 on the account. When payment on the account stopped, Capital One "wrote-off" the account and began collection activity.

In the summer of 2002, First USA, a bank with which the Biffer had maintained several credit cards for an extended period of time, cancelled one of his credit cards and raised the interest rate on another card.[2] Pl's Rule 56(a)(2) Statement, Ex. 1.,

---

[1]For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the non-moving parties, here the defendants, where there is admissible evidence to support their allegations.

[2]Biffer's deposition testimony as to the content of First USA's communications with him are inadmissible hearsay, as they are statements, by "out-of-court" declarants, offered

Biffer Depo., p. 57.

In the fall of 2002, Biffer received phone calls from a Massachusetts law firm demanding payment of the debt owed Capital One. Biffer wrote to Capital One in December 2002 and February 2003, stating that he had never had an account with Capital One and that some of the personal information relating to account was inaccurate. Pl's Rule 56(a)(2) Statement, Disputed Issues, ¶ 10, Exs. 5 and 6. In February 2003, Capital One responded by letter to Biffer, requesting that he send to it an affidavit of fraud application and copies of his identification. Id., Ex. 7. Biffer sent the requested materials in late March 2003. Capital One informed Biffer by letter on March 31, 2003, that it had initiated an investigation and would let him know the outcome in 30-45 days. Id., Ex. 9. Capital One requested some additional information from Biffer in April as well.

According to Biffer, he did not hear again from Capital One until it served a complaint on him in November 2003 alleging nonpayment of debt. Id. at ¶ 15. Biffer hired a lawyer to defend Capital One's actions. Id. at ¶ 16. According to Biffer's complaint, Capital One withdrew its action against Biffer in February 2004 after determining that Biffer had never opened a credit account with Capital One. Complaint, ¶ 17 [Dkt. No. 1]. Capital One requested that the credit bureaus delete the adverse information regarding Capital One from Biffer's credit report in June 2004. Def's Rule 56(a)(2) Statement, Tuskey Aff., ¶ 34.

Prior to 2002, Biffer found employment as a nuclear engineering consultant, a

---

to prove the truth of the matter that they assert, and they do not fall within an exception under Fed.R.Evid. 803. Pl's Rule 56(a)(2) Statement, Ex. 1., Biffer Depo., p. 57-59.

profession that requires submission to numerous background checks by the various utilities and nuclear facilities that would hire him. Biffer has been unable to secure a consulting job since 2002. In his Complaint, Biffer contends that the adverse information regarding Capital One on his credit report is responsible for his inability to secure employment as a nuclear engineering consultant. Biffer admits, however, that he has never been informed by any prospective employer in the nuclear industry that the reason he was not hired was because of his credit report. Pl's Rule 56(a)(2) Statement, ¶¶ 11-13, 17. He also admits that none of the inquiries made into his credit report were from companies from which Biffer sought work. Id. at ¶ 19.

Capital One has produced a credit report for Biffer from 2004 that also list adverse account information from Fleet Bank and Bank of America. Def's Rule 56(a)(1) Statement, ¶ 23, Tuskey Aff., Ex. F. Biffer points out that the credit reports obtained by both him and the defendant in 2003 only list Capital One and Fleet as adverse accounts. Pl's Rule 56(a)(2) Statement, ¶ 23, Ex. 4; Def's Rule 56(a)(1) Statement, Tuskey Aff., Ex. E.

Biffer also contends that he was unable to refinance the mortgage on this house at a more favorable rate in 2002 and 2003 because of the information regarding Capital One on his credit report. His deposition indicates that he tried several times to refinance his mortgage during that time period. Pl's Rule 56(a)(2) Statement, Ex. 1, Biffer Depo., p. 39-40. He was able to refinance his home in 2005 after Capital One removed the adverse information from his credit report.[3]

---

[3]At his deposition, Biffer stated that, when he tried to refinance his mortgage previously. he was told that he did not qualify because of his credit report. Def's Rule

Biffer filed this suit in April 2004, asserting that Capital One had been negligent in failing to investigate Biffer's fraud complaint, and that its negligence caused Biffer to lose significant business opportunities and incur legal expenses. Biffer's complaint also asserts a claim under CUTPA. Capital One now moves for summary judgment, arguing that no triable issue of fact exists with regards to Biffer's inability to prove the causation and damages elements of his claims, and thus summary judgment should be granted on all of Biffer's claims.

## II.    LEGAL STANDARD

Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Hermes Int'l v. Lederer de Paris Fifth Ave, Inc., 219 F.3d 104, 107 (2d Cir. 2000). The moving party bears the burden of showing that no genuine factual dispute exists. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)). "A fact is 'material' for these purposes when it might affect the outcome of the suit under the governing law." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005)(quotation marks omitted). When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

Once the moving party has met its burden, in order to defeat the motion the

---

56(a)(1) Statement, Botti Aff., Ex. 3, p. 133. This statement is inadmissible hearsay that does not fall within an exception under Fed.R.Evid. 803.

nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986), and present such evidence as would allow a jury to find in his favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a Summary Judgment Motion." Lipton v. The Nature Company, 71 F.3d 464, 469 (2d Cir. 1995) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986)).  Additionally, a party may not rest on the "mere allegations or denials" contained in his pleadings.  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the Summary Judgment Motion are not credible).  Moreover, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Jeffreys, 426 F.3d at 554.

### III.    DISCUSSION

Although Capital One explicitly argues, in its motion for summary judgment, that Biffer cannot produce evidence sufficient to prove the damages elements of his claims, it is clear that the substance of Capital One's arguments are aimed at only at the causation elements of Biffer's claims.  In other words, Capital One has not argued that Biffer has not suffered any potentially actionable injuries, in the form of lost business opportunities or wrongly-incurred expenses, but only that Biffer's asserted injuries cannot be attributed causally to Capital One.  Moreover, the evidence in the record would support the conclusion that Biffer suffered injuries that may be actionable.  Thus,

summary judgment on the basis that no genuine issue of material fact exists with regards to Biffer's damages element is inappropriate.

Proximate causation is an element of both Biffer's negligence and CUTPA claims.  See Wu v. Fairfield, 204 Conn. 435, 438 (1987)("An essential element of any negligence action is the establishment of the defendant's conduct as a proximate caue of the plaintiff's injury."); Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 306 (1997)("[I]n order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and . . . .  a showing that the prohibited act was the proximate cause of a harm to the plaintiff.") Proximate cause "establishes a reasonable connection between an act or omission of a defendant and the parm suffered by a plaintiff.  Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597, 608 (1995).  Proximate cause has been defined in Connecticut as "an actual cause that is a substantial factor in the resulting harm." Id.  Actual cause, or cause in fact, asks "would the injury have occurred were it not for the actor's conduct." Doe v. Manheimer, 212 Conn. 748, 757 (1989), overruled in part on other grounds, Stewart, 234 Conn. at 608. "The substantial factor test reflects the inquiry fundamental to all proximate cause questions, that is, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's [actions]." Id. at 757.

"The question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue."  Stewart, 234 Conn. at 611.  "It becomes a conclusion of law only when the mind of a fair and reasonable person could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact."  Id.

In his pleadings, Biffer suggests four different categories of damages that he wishes to claim on the basis of his complaint: lost consulting opportunities, legal expenses incurred in defending Capital One's legal actions against him, an increased interest rate on his First USA credit card, and his inability to refinance his mortgage in 2002 and 2003 to obtain a more favorable rate.  Capital One contends that there is no genuine issue of material fact with respect to Biffer's inability to prove causation for any damages asserted by Biffer.

With respect to Biffer's alleged damages on the basis of his inability to secure consulting work since 2003, summary judgment in favor of the defendant is appropriate as Biffer has not produced any evidence from which a reasonable fact finder could conclude that Capital One's actions were the proximate cause of Biffer's injuries.  There is no evidence in the record that the prospective employers who did not hire Biffer considered, or even viewed, his credit report in deciding not to hire him.  Biffer's evidence regarding this category of damages consists of his own understanding, based on the "folklore among the contractors," as to the practices of the employers in question regarding credit checks.  See Pl's Rule 56(a)(2) Statement, ¶ 14, 18; Id., Ex. 1, Biffer Depo., p. 137.  Biffer's speculation as to the practices of the employers to whom he had applied is not sufficient evidence to create a genuine issue of material fact with regard to his assertion that Capital One's actions or omissions were the cause of his inability to secure consulting work.  See Lipton, 71 F.3d at 469.  Thus, summary judgment is granted in favor of the defendant on Biffer's claims related to his lost employment opportunities.

Genuine issues of material fact exist, however, with regard to the causation of

Biffer's other alleged damages.  Drawing all inferences in favor of Biffer, a reasonable fact finder could conclude that Capital One's conduct was the legal cause of the legal expenses allegedly incurred by Biffer in defending Capital One's action against him. Furthermore, although Biffer has not produced admissible evidence linking his inability to refinance his mortgage specifically to the entry concerning Capital One in his credit reports, given the centrality of the credit check in a mortgage evaluation, and given that the adverse entry regarding Capital One was one of only two or three (depending on the credit report) adverse entries on Biffer's credit report, a reasonable fact finder could find that Capital One's alleged conduct, which resulted in the placement of adverse information on Biffer's credit report, was a proximate cause of this alleged injury. Similarly, although Biffer has not produced admissible evidence regarding the reasons underlying First USA's decision to raise the interest rate on Biffer's credit card, given the role that credit history can play in determining credit card interest rates, a reasonable fact finder could potentially conclude that Capital One's alleged actions were a proximate cause of this asserted injury as well.  Accordingly, summary judgment is denied on the basis of these asserted sources of damages.

## IV.    CONCLUSION

For the foregoing reasons, the defendant's summary judgment motion [Dkt. No. 48] is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated this 15th day of February, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge